UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 AUG 23 P 4: 06

US DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES J. MAILMAN, individually<br>and as Fiduciary of the Chasma Scientific, Inc.<br>Profit Sharing Plan and Trust<br><br>and<br><br>CHASMA SCIENTIFIC, INC.<br><br>Defendants | 05 CV 11744 JLT<br>CIVIL ACTION<br>FILE NO.<br><br>RECEIPT #_____<br>AMOUNT $ N/A<br>SUMMONS ISSUED 2<br>LOCAL RULE 4.1 __<br>WAIVER FORM __<br>MCF ISSUED __<br>BY DPTY. CLK. M.P.<br>DATE 8/23/05 |

**COMPLAINT**

MAGISTRATE JUDGE LTS

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress violations, to obtain restitution from employee pension benefit plan fiduciaries, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C., §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

1

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4) Chasma Scientific, Inc., during the pertinent period of on or about January 1, 1997 to December 31, 2000, was and remains an employer within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5), and a corporation having an office and place of business at 53 Smith Place, Cambridge MA 02138, within the jurisdiction of this Court.

(5) The Chasma Scientific, Inc. Profit Sharing Plan and Trust ("the Plan"), has been since its inception, and remains, an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and was, and remains, covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a). The purpose of the Plan was, and remains, to provide retirement income for eligible employees of Chasma Scientific, Inc.

(6) Participants of the Plan made pre-tax contributions from their salaries to the Plan during the pertinent period.

(7) Defendant Chasma Scientific, Inc. was at all pertinent times, and remains, the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and acted as Plan Administrator for the Plan at all times material hereto, and, as such, was a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(8) Defendant Charles Mailman was a trustee of the Plan at all times material hereto, and exercised authority or control respecting management or disposition of assets of the Plan and exercised discretionary authority or discretionary responsibility in the administration of the Plan. As such, Charles Mailman was a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(9) At all times material hereto, it was a responsibility of the Plan trustee, Charles Mailman, to hold and invest Plan assets.

(10) From approximately January 1, 1997 to December 31, 2000, Charles Mailman failed to seek and acquire appropriate execution prices for Plan investment transactions, a failure that resulted in the Plan paying needlessly high transaction and/or commission costs.

(11) From approximately January 1, 1997 to December 31, 2000, Charles Mailman failed to follow an appropriate and prudent investment strategy for the acquisition and sale of Plan assets.

(12) From approximately January 1, 1997 to December 31, 2000, Charles Mailman made inappropriate and imprudent investment decisions for the Plan which resulted in losses to the Plan.

(13) From approximately January 1, 1997 to December 31, 2000, Chasma Scientific, Inc. failed to take any actions to ensure that Plan expenses and costs were reasonably defrayed and minimized.

(14) As a result of the conduct set forth at Paragraphs 10 through 12, Defendant Charles Mailman failed to discharge his fiduciary duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §§ 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(15) As a result of the conduct set forth at Paragraph 13, Defendant Chasma Scientific, Inc. failed to discharge its fiduciary duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §§ 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(16) Pursuant to ERISA Section 405(a), 29 U.S.C. § 1105(a), Charles Mailman and Chasma Scientific Inc. are each jointly and severally liable for the losses caused by the fiduciary breaches of the other.

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Requiring Defendants to restore to the Plan any and all outstanding losses incurred as a result of breaches of their fiduciary duties and violations for which they are liable, with appropriate interest;

(2) Requiring Defendants to comply with the provisions of ERISA § 404, 29 U.S.C. § 1104 in the future;

(3) Barring Charles Mailman from functioning as a fiduciary, within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), to any employee benefit plan covered by ERISA and,

(4) Awarding to Plaintiff other relief as is equitable and just.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*[signature]*

Donald E. d'Entremont
Attorney
BBO # 558834

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE  08/23/05

Complaint for Chao v. Charles J. Mailman and Chasma Scientific, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __ELAINE L. CHAO v. CHARLES J. MAILMAN__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
          740, 790, (791) 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05-11744 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   
   Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   
   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Donald E. d'Entremont__
ADDRESS __U.S. Dept. of Labor, Office of the Solicitor, JFK Federal Bldg., Room E-375, Boston, MA 02203__
TELEPHONE NO. __(617) 565-2500__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is req the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1. (a) PLAINTIFFS**

ELAINE L. CHAO, Secretary of Labor
U.S. Department of Labor

**DEFENDANTS**

CHARLES J. MAILMAN and CHASMA SCIENTIFIC, INC.

FILED

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

2005 AUG 23 P

(C) Attorney's (Firm Name, Address, and Telephone Number)

Donald E. d'Entremont, Esquire   (617)565-2500
U.S. Deptartment of Labor, Office of the Solicitor
JFK Federal Building, Room E-375, Boston, MA 02203

Attorneys (If Known)

Richard Gelb, Esquire
Gelb & Gelb, LLP
20 Custom House Street, Boston, MA 02110

05-11744 JLT

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

ERISA of 1974, 29 USC §1001 et. seq. To obtain equitable relief, to redress violations and to obtain other equitable relief necessary to enforce the provision of Title I of ERISA.

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   08/23/05   SIGNATURE OF ATTORNEY OF RECORD   Donald E. d'Entremont, Esquire

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____